IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jose Alberto Fonseca Pina, et al.,<br><br>    Plaintiffs,<br>  v.<br>Con-Way Freight, Inc.,<br><br>    Defendant. | NO. C 10-00100 JW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

## I. INTRODUCTION

Jose Alberto Fonseca Pina ("Pina") and Rogelio Vigil ("Vigil") (collectively, "Plaintiffs") bring this action against Con-Way Freight, Inc. ("Defendant") alleging failure to provide meal and rest breaks and failure to maintain accurate pay records. Plaintiffs allege that throughout their employment as truck drivers and loading dock workers with Defendant, they were unlawfully pressured by their supervisors to delay their meal periods in order to make all of their deliveries on schedule. The Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

Presently before the Court is Plaintiffs' Motion for Class Certification.[1] The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b).

---

[1] (Renewed Notice of Motion and Motion of Rogelio Vigil and Jose Alberto Fonseca Pina for Class Certification; Memorandum of Points and Authorities in Support Thereof, hereafter, "Motion," Docket Item No. 56.)

1 Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Plaintiffs'
2 Motion.

## II. BACKGROUND

**A. Factual Allegations**

In a Complaint[2] filed on November 3, 2009, Plaintiffs allege as follows:

Plaintiffs are commercial truck drivers, employed by Defendant as delivery drivers and dock workers and currently on medical leave. (Complaint ¶ 1.) Defendant is a business entity operating in Monterey County. (Id. ¶ 6.)

From July of 1995 until the present, Plaintiffs were employed by Defendant to work at Defendant's facility in Monterey County. (Complaint ¶¶ 12, 14.) Plaintiff Pina received an hourly rate of approximately $20 per hour, while Plaintiff Vigil received an hourly rate of approximately $21 per hour. (Id. ¶¶ 13, 15.)

Defendant failed to permit Plaintiffs to take legally required rest and meal breaks. (Complaint ¶ 16.) When Plaintiffs were allowed to take breaks, it was only after their full shift of six to twelve hours was completed. (Id.) Plaintiffs were not allowed to take more than one meal break in a day, even if their work days were longer than ten hours. (Id.) Defendant failed to pay Plaintiffs for the extra hours to compensate for the lost breaks. (Id.) Under California law, Plaintiffs are entitled to be paid one additional hour of pay for each denied meal period. (Id. ¶ 31.)

During Plaintiffs' employment, Defendant knowingly and intentionally failed to provide Plaintiffs with accurate itemized wage statements. (Complaint ¶ 38.) Defendant also failed to provide employees with records of the dates and times of their rest and meal breaks according to Industrial Wage Order 9. (Id. ¶ 18.)

On the basis of the allegations outlined above, Plaintiffs allege five causes of action: (1) Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7; (2) Failure to Provide Meal Periods, Cal.

---

[2] (Complaint for Damages, hereafter, "Complaint," Docket Item No. 1-1.)

2

1  Lab. Code § 226.7; (3) Failure to Maintain Time Records or Provide Itemized Statements, Cal. Lab.
2  Code §§ 226, 1174; (4) Unlawful Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (5)
3  Enforcement of Statutory Penalties, Cal. Bus. & Prof. Code § 17202.

### B. Procedural History

On November 3, 2009, Plaintiffs filed their Complaint in Monterey County Superior Court. (See Complaint at 1.) On January 8, 2010, Defendant removed the action to federal court pursuant to the Class Action Fairness Act. (See Docket Item No. 1.) On March 4, 2010, Judge Patel related this action to that of Jorge Quezada v. Con-Way, Inc., No. C 09-3670 (the "Quezada Action"). (See Docket Item No. 15.)

On May 31, 2011, Plaintiffs and the plaintiff in the Quezada Action filed a consolidated motion for class certification. (See Docket Item No. 39.) On September 29, 2011, the case was reassigned from Judge Fogel to Chief Judge Ware. (See Docket Item No. 50.) On January 24, 2012, the Court denied Plaintiffs' motion for class certification as premature, finding that the motion failed to provide a class definition and that Plaintiffs had failed to seek leave of the Court to file a consolidated motion. (See Docket Item No. 55.) The Court ordered Plaintiffs to either file a motion for consolidation or to file separate motions for class certification. (Id.) Plaintiffs in the two actions did not file a motion for consolidation, and instead each filed separate motions for class certification.

Presently before the Court is Plaintiffs' Motion for Class Certification.

### III. STANDARDS

The decision to certify a class is committed to the discretion of the district court within the guidelines of Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23; Doninger v. Pac. Nw. Bell, Inc., 564 F.3d 1304, 1309 (9th Cir. 1977). The party seeking class certification bears the burden of establishing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended, 273 F.3d 1266 (9th Cir. 2001). A district court may certify a class only if, after "rigorous analysis," it determines that the party seeking certification has met its burden. Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 158-61 (1982).

3

In reviewing a motion for class certification, the court generally is bound to take the substantive allegations of the complaint as true. In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 691 F.2d 1335, 1342 (9th Cir. 1982) (citing Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975)). However, the court may look beyond the pleadings to determine whether the requirements of Rule 23 have been met. Hanon v. Dataproducts Corp., 976 F.2d 497, 509 (9th Cir. 1992) (citation omitted). In fact, courts are "at liberty to consider evidence which goes to the requirements of Rule 23 [at the class certification stage] even [if] the evidence may also relate to the underlying merits of the case." Id. A trial court's "rigorous analysis" under Rule 23 will frequently "entail some overlap with the merits of the Plaintiffs' underlying claim." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

## IV. DISCUSSION

Plaintiffs move to certify the following class:

> All persons who worked for Defendant in Pickup & Delivery assignments in California ("P&D") during the Class Period (four years prior to the filing of this action through the date of trial).

(Motion at ii.) In addition, Plaintiffs move to certify following subclass:

> All Class Members who have left their employment with Defendant.

(Id. at 2.) Plaintiffs seek appointment of Westrup Kick, LLP, Labor Law Office, APC and Jonathan C. Gettleman as class counsel. (Id. at 15.)

The Court considers whether class certification is appropriate in this case.

**A.     Rule 23(a) Certification**

Rule 23(a) provides four requirements that must be satisfied for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation, respectively. See Hanlon v.

4

Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997)).

### 1. Numerosity

At issue is whether the proposed class is sufficiently numerous to warrant certification.

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Impracticable does not mean impossible, but only that it would be difficult or inconvenient to join all members of the class. See Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964). "Though satisfaction of the numerosity requirement is not dependent upon any specific number of proposed class members, where the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be found to be met." Int'l Molders' and Allied Workers Local Union No. 164 v. Nelson, 102 F.R.D. 457, 461 (N.D. Cal. 1983).

Here, it is undisputed that Defendant employed over 1,000 truck drivers in the State of California at the time of removal of this action.[3] Although some of these drivers were employed as linehaul drivers and thus would not be part of a class of P&D Drivers, the timesheet data submitted by Defendant indicates that the number of P&D Drivers is at least in the several hundreds.[4] Thus, even though the exact number of P&D drivers among Defendant's employees has not been established, Plaintiffs have met their burden of demonstrating that the number of class members is in excess of one-hundred. See Nelson, 102 F.R.D. at 461.

Accordingly, the Court finds that the numerosity requirement of Rule 23(a) has been met.

### 2. Commonality

At issue is whether the commonality requirement of Rule 23(a)(2) has been met.

---

[3] (See Declaration of Michael Fabriga in Support of Defendant Con-Way Freight Inc.'s Notice of Removal of Action under 28 U.S.C. Section 1332(d), 1441, and 1446 ¶ 11, Docket Item No. 2.)

[4] (See Declaration of L.R. Cagney in Support of Rogelio Vigil and Jose Alberto Fonseca Pina for Class Certification ¶ 10, hereafter, "Cagney Decl.," Docket Item No. 56-1.)

Rule 23(a)(2) requires that class certification be predicated on "questions of law or fact common to the class." This requirement "has been construed permissively." Hanlon, 150 F.3d at 1019. "All questions of fact and law need not be common to satisfy the rule." Id. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id.

Here, Plaintiffs seek relief pursuant to California Labor Code § 226.7, which provides that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7(b). Industrial Welfare Commission Order 9-2001 ("IWCO"), which regulates the conditions of employees in the transportation industry, requires that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes."[5] In addition, the IWCO requires that "[e]very employer shall authorize and permit all employees to take rest periods, which, insofar as practicable shall be in the middle of each work period," at a rate of ten minutes of rest for every four hours worked. Id. at 12(A). Plaintiffs contend that Defendant had a practice of requiring drivers to wait until the end of their shifts– i.e, after all of their deliveries had been completed– to take their meal breaks. (Motion at 1.)

Upon review, the Court finds that Plaintiffs have met their burden of demonstrating commonality. In particular, the Court finds that the following legal and factual questions are common to the class: (1) whether Defendant is required to ensure that employees take meal breaks within the first five hours of any work period; (2) whether Defendant's managers or supervisors effectively forbade employees from taking their legally mandated breaks; and (3) whether any underpayment stemming from missed meal periods subjects Defendant to record-keeping penalties.

---

[5] Cal. Code Regs. tit. 8, § 11090 (2001) at 11(A).

6

Accordingly, the Court finds that the commonality requirement of Rule 23(a)(2) has been met.

### 3. Typicality

At issue is whether Plaintiffs' claims are typical of the class they seek to represent.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Like the commonality requirement, the typicality requirement is permissive: "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. The test is whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon, 976 F.2d at 508 (citation omitted). A court should not find typicality satisfied if "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." Id. (citation omitted).

Here, Plaintiffs have submitted evidence that Plaintiff Vigil was employed by Defendant as a P&D Driver from 2000 until 2007, and that during this time his managers would only permit him to take meal breaks after his deliveries for the day were complete.[6] Plaintiffs have also submitted evidence that Plaintiff Pina was employed by Defendant as a P&D Driver from 2005 until 2008, and that Plaintiff Pina was disciplined if he was late in making any pickups or deliveries, which could not be completed on time if he took a lunch break.[7]

Upon review, the Court finds that Plaintiffs have met their burden of demonstrating typicality. The papers submitted provide no evidence of any defense that would be unique to the proposed class representatives. Because the proposed representatives claim to have been subjected

---

[6] (Declaration of Rogelio Vigil in Support of Reply Re [sic] Renewed Motion for Class Certification ¶¶ 2, 5, hereafter, "Vigil Decl.," Docket Item No. 63-2.)

[7] (Declaration of Jose Alberto Fonsecsa [sic] Pina in Support of Renewed Motion for Class Certification ¶¶ 2, 5-6, hereafter, "Pina Decl.," Docket Item No. 56-3.)

7

to the same illegal practices regarding meal and break periods as the proposed class, their claims are typical of those they seek to represent.

Accordingly, the Court finds that the typicality requirement has been met.

### 4. Adequacy

At issue is whether Plaintiffs have satisfied the adequacy requirement.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Two questions are considered when determining the adequacy of representation: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020 (citation omitted). The threshold of knowledge required to qualify a class representative is low; a class representative will be deemed inadequate only if "startlingly unfamiliar" with the case. Moeller v. Taco Bell Corp., 220 F.R.D. 604, 611 (N.D. Cal. 2004) (citation omitted). The fact that plaintiffs are familiar with the basis for the suit and their responsibilities as lead plaintiffs is sufficient to establish their adequacy. See In re Conseco Life Ins. Co. LifeTrend Ins. Sales and Mktg. Litig., 270 F.R.D. 521, 531 (N.D. Cal. 2010).

Here, the Court has not been presented with any evidence of a possible conflict between the proposed representatives and members of the class. In addition, the Declarations submitted by Plaintiffs demonstrate that both proposed representatives are familiar with the factual basis for the lawsuit.[8] Finally, Plaintiffs are represented by class counsel with significant experience litigating class action lawsuits.[9] Thus, the Court finds that the named Plaintiffs, as well as proposed class counsel, are adequate to represent the putative class in vigorously pursuing this litigation.

Accordingly, the Court finds that the adequacy requirement of Rule 23(a)(4) has been met.

---

[8] (See Vigil Decl. ¶¶ 4-5; Pina Decl. ¶¶ 5-6.)

[9] (See Cagney Decl. ¶¶ 11-12.)

8

**B.     Rule 23(b) Certification**

In addition to meeting the requirements under Rule 23(a), Plaintiffs must establish that one or more of the grounds for maintaining the suit as a class action are met under Rule 23(b). Plaintiffs seek certification of a Rule 23(b)(3) class.

Under Rule 23(b)(3), a plaintiff seeking certification bears the burden of proving two conditions: (1) that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. See Zinser, 253 F.3d at 1188-89.

**1.     Predominance**

Plaintiffs contend that common issues of law and fact predominate because: (1) questions of law regarding the obligation of employers to ensure that employees take timely meal breaks will affect the claims of all class members in the same manner; and (2) factual questions concerning Defendant's policy of pressuring employees to skip meal breaks are common to all class members' claims. (Motion at 11.) Defendant responds that common questions of fact do not predominate, as determining why any particular employee delayed a meal break on a given day would require an individualized inquiry as to each employee's decision and whether his specific manager pressured him to skip a meal.[10]

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." AmChem, 521 U.S. at 623. The question of predominance presumes the existence of common issues; thus, a mere showing of commonality is not enough. Hanlon, 150 F.3d at 1022; see also AmChem, 521 U.S. at 623-24 (predominance criterion is "far more demanding" than Rule 23(a)'s commonality requirement). Predominance focuses on the relationship between the common and individual issues. Hanlon, 150 F.3d at 1022. "When common questions present a significant aspect of the case and they can be resolved for all

---

[10] (Defendant Con-Way Freight Inc.'s Opposition to Plaintiffs' Renewed Motion for Class Certification at 8-13, hereafter, "Opp'n," Docket Item No. 58.)

9

members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Id.

Here, Plaintiffs' claims stem from Defendant's alleged failure to properly provide meal and rest periods to class members as is required by the California Labor Code. The law is currently unsettled as to the requirements of the Labor Code in two important regards affecting Plaintiffs' claims. First, the California Supreme Court is currently reviewing the question of whether the Labor Code requires employers merely to offer employees meal breaks, or to affirmatively ensure that employees actually take the breaks provided.[11] The Court is also reviewing the question of whether employers may require employees to work more than five consecutive hours without a meal period, so long as they provide a meal period at some point during each workday.[12] These questions affect all class members' claims in precisely the same manner: if the California Supreme Court concludes that employers have an affirmative obligation to ensure that a meal break is taken every five hours, then class members will be able to prove a violation merely by reference to time sheets showing more than five hours of work with no break. If, by contrast, the Court concludes that an employer's obligation is satisfied by merely offering a meal break at any point during the work day, then class members will have the burden of proving that they were actively prevented from taking any meal break during the shift. Thus, these common questions of law are critical to the class members' claims.

---

[11] See Bibo v. Fed. Express, Inc., No. C 07-2505 TEH, 2009 WL 1068880, at *3 (N.D. Cal. Apr. 21, 2009) (reviewing cases and explaining unsettled state of law).

[12] See Brinker Rest. Corp. v. Superior Court, 165 Cal. App. 4th 24 (Cal. Ct. App. 2008), *review granted and opinion superceded by* Brinker Rest. Corp. v. Superior Court, 80 Cal. 3d. 781, 801-05 (Cal. Ct. App. 2008). The California Court of Appeals concluded in Brinker that an employee could be required to work more than five consecutive hours without a meal break, so long as that employee is provided with a break at some point during the workday for each day the employee worked longer than five hours total. Id. at 803-04. Plaintiffs urge a contrary interpretation that would require a meal period be provided before the end of the fifth hour of work. (Motion at 11.) Under Plaintiffs' interpretation, the mere existence of a six-hour work period without a break would demonstrate a violation of the Code. The California Supreme Court granted review of Brinker in August of 2008.

10

Defendant contends that individual questions predominate over common questions because a finding of liability would require an inquiry as to why each particular class member skipped a given meal break. (Opp'n at 12.) In particular, Defendant contends that because its formal meal break policy facially complies with the requirements of the Labor Code, any inquiry into deviations from this policy is inherently individualized. (Id.) The Court finds that this contention is misguided for several reasons. As is discussed above, if the Brinker court concludes that employers have an obligation to ensure that meal periods are taken every five hours of work, then liability can be proven by reference to employee time sheets alone, without the need for any inquiry as to employee motives. In addition, even if the Brinker court determines that employers must merely refrain from discouraging employees from taking meal breaks, the evidence submitted by Plaintiffs demonstrates that informal policies of discouraging the taking of breaks would likely be susceptible to common proof.[13] For example, Plaintiffs have submitted evidence that the drivers observed by Plaintiff Vigil sought the permission of their supervisor before taking a meal break, and that such permission was given only after a shift's deliveries were completed. (Id.) If Plaintiffs succeed in demonstrating that such a practice is common, the need for further inquiry into individual decisions would be unnecessary.[14]

Accordingly, the Court finds that common issues of law and fact predominate over questions affecting only individual class members.

**2.     Superiority**

Plaintiffs contend that a class action is superior to separate actions for each member of the class because the expense of litigation would prevent most class members from litigating on an individual basis, while a class action allows all employees to challenge the contested policy at once. (Motion at 4.) Defendant responds that a class action is not manageable because Plaintiffs' claims

---

[13] (See, e.g., Vigil Decl. ¶ 3.)

[14] See Dilts v. Penske Logistics, LLC, 267 F.R.D. 625, 638-39 (S.D. Cal. 2010) (finding that representative testimony could prove informal company policy of pressuring employees to skip meal periods and granting class certification).

11

involve individualized inquiries into why particular drivers missed break or meal periods. (Opp'n at 8-9.)

In determining superiority, courts must consider the four factors of Rule 23(b)(3): (1) the class members' interests in individually controlling a separate action; (2) the extent and nature of litigation concerning the controversy already begun by or against class members; (3) the desirability of concentrating the litigation in the particular forum; and (4) the manageability of a class action. See Zinser, 253 F.3d at 1190. "A consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." Id.

Here, the Court is not aware of any other litigation brought by other members of the proposed class, and the parties have not identified any. In addition, as is discussed above, the number of class members is in the several hundreds. Where a number of small claimants seek to challenge a single employment practice, class adjudication is often preferable to the repetition and cost of individual litigation.[15]

Finally, upon review of the evidence submitted by Plaintiffs, the Court finds this action can be managed on a class-wide basis. California law requires employers to maintain records of all information necessary to determine the timing of meal breaks taken by employees. See Cal. Code. Regs., tit. 8, § 11090(7). Further, Defendant has utilized an automated timekeeping system for the past ten years, "KRONOS," that records the work performed by employees for payroll purposes.[16] Reference to the KRONOS database provides information as to how long each employee worked without taking a break on a given shift. In addition, Defendant required P&D Drivers to fill out handwritten manifests for much of the class period, which include the start and end time of each

---

[15] See Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal. 4th 319, 340 (2004).

[16] (See Declaration of L.R. Cagney in Support of Motion for Class Certification," Ex. 7, April 29 Deposition of Kevin Huner at 63:9-64:8, hereafter, "Huner Depo I," Docket Item No. 39-3.)

12

1  driver's meal breaks.[17] The Court finds that reference to these records, in addition to representative
2  testimony regarding Defendant's practices, present a manageable method of adjudicating Plaintiffs'
3  claims on a class basis.

    Accordingly, the Court finds that the superiority requirement of Rule 23(b) is met.

    In sum, the Court finds that the requirements of Rule 23 are met, and that Plaintiffs have met their burden of demonstrating that this claim should proceed as a class action. Accordingly, the Court GRANTS Plaintiffs' Motion for Class Certification as to Plaintiffs' late meal period claims.

## C.    Derivative Claims

    In addition to seeking class certification for their primary meal period claims, Plaintiffs seek certification of the class as to two additional claims which are dependent upon a finding of liability for the meal period claims. Specifically, Plaintiffs seek: (1) to pursue statutory penalties against Defendant for Defendant's failure to maintain accurate pay and time records; and (2) to certify an additional subclass of class members who left employment with Defendant during the class period, and thus are entitled to additional penalties by statute. The Court considers each derivative claim in turn.

### 1.    Recordkeeping Penalties

    At issue is whether Plaintiffs may seek recordkeeping penalties against Defendant on a class-wide basis. Plaintiffs contend that if Defendant is found liable on the meal period claim, then class members will automatically be entitled to statutory penalties based on Defendant's inaccurate reporting of the wages owed to employees. (Motion at 2.) Defendant responds that statutory penalties are available only to those who suffered injury as a result of inaccurate recordkeeping, and thus would necessitate an individualized inquiry. (Opp'n at 24-25.)

    California Labor Code § 226(a) requires employers to provide employees at each pay period a statement that includes, *inter alia*, the total number of hours worked, gross wages earned, net

---

[17] (See Declaration of Erica H. Kelley in Support of Defendant Conway Freight, [sic] Inc.'s Opposition to Plaintiffs' Renewed Motion for Class Certification, Ex. 3, April 29 Deposition of Kevin Huner at 136:1-136:20, Docket Item No. 61-3.)

wages earned, and any deductions taken out of the employee's pay. See Cal. Lab. Code. § 226(a). The Code goes on to provide that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)," as well as an award of attorney fees. Id. § 226(e).

Upon review, because Section 226(e) only provides statutory penalties to employees who have been injured as a result of inaccurate pay statements, the Court finds that claims brought under this Section are not amenable to class treatment. Even upon a finding of liability for Plaintiffs' meal period claims, each class member would have to show an injury stemming from the inaccurate pay records in order to demonstrate entitlement to statutory penalties.[18] Thus, the Court finds that common questions would not predominate over individual questions in determining liability under § 226(e), and the action would not be manageable on a class-wide basis in light of the need for this individualized inquiry. Thus, the requirements of Rule 23(b) are not satisfied as to Plaintiffs' recordkeeping penalties claim.

Accordingly, the Court DENIES Plaintiffs' Motion as to Plaintiffs' recordkeeping claim.

**2. Waiting Time Penalties**

Plaintiffs ask the Court to certify a subclass of P&D Drivers who left their employment with Defendant during the class period, on the ground that these class members are entitled to additional statutory penalties based on having been underpaid at the time they terminated their employment. (Motion at 2-3.) Specifically, Plaintiffs ask the Court to certify the following subclass:

All Class Members who have left their employment with Defendant.

California Labor Code § 203 provides that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with [other sections of the Labor Code], any wages of an

---

[18] See Price v. Starbucks Corp., 192 Cal. App. 4th 1136, 1142-43 (Cal. Ct. App. 2011).

14

1 employee who is discharged or who quits, the wages of the employee shall continue as a penalty
2 from the due date thereof at the same rate until paid or until an action therefore is commenced; but
3 the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). Thus, if an employer
4 willfully fails to pay an employee all wages that are due to an employee at the time that employment
5 is terminated, the employer is subjected to additional statutory penalties.[19]

Upon review, the Court finds that certification of the proposed subclass is not warranted. If Plaintiffs succeed in demonstrating liability as to their meal period claims, it will follow necessarily that class members who terminated their employment were owed additional wages as the time of termination. Thus, the claims of members of the proposed subclass are subsumed within the claims of the proposed class.

Accordingly, the Court DENIES Plaintiffs' Motion to certify the proposed subclass.

## V. CONCLUSION

The Court GRANTS Plaintiffs' Motion for Class Certification as to Plaintiffs' meal period claims. The Court certifies the following class:

> All persons who worked for Defendant in Pickup & Delivery Assignments in California ("P&D") during the Class Period (four years prior to the filing of this action through the date of trial).

The Court DENIES Plaintiffs' Motion for Class Certification as to Plaintiffs' proposed subclass.

The Court DENIES Plaintiffs' Motion for Class Certification as to Plaintiffs' recordkeeping claim.

---

[19] See Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc., 102 Cal. App. 4th 765, 781 (Cal. Ct. App. 2002).

On or before **May 4, 2012**, the parties shall file a proposed form of class notice and a joint proposal for dissemination of notice.

Dated: April 12, 2012

JAMES WARE
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Barrett Kenneth Green bgreen@littler.com
Erica H. Kelley ekelley@littler.com
Jonathan Che Gettleman jonathangettleman@yahoo.com
Kenneth Richard O'Brien kobrien@littler.com
Lawrence R Cagney lcagney@wkalaw.com
Michael L. Carver carverm@aol.com
Michelle MacEachern Lunde mlunde@carverlaw.com
Paul Scott Cowie pcowie@sheppardmullin.com

**Dated: April 12, 2012**          **Richard W. Wieking, Clerk**

                                    **By:    /s/ JW Chambers**
                                         **Susan Imbriani**
                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California