UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO FONSECA PINA, and ROGELIO VIGIL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CON-WAY FREIGHT, INC.<br><br>Defendant. | Case No. 10-cv-00100-JSW<br><br>**ORDER REGARDING REQUEST FOR RECONSIDERATION OF ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER**<br><br>Re: Docket No. 122 |

On December 9, 2015, the Court issued an Order denying Con-Way, Inc.'s motion for relief from non-dispositive pretrial order. The Court denied the motion, in part, on the basis that it had not been timely filed. Con-Way moves the Court to reconsider its ruling that its motion for relief was untimely.[1]

Con-Way argues that Federal Rule of Civil Procedure 72(a) sets a deadline of fourteen days after *service* of an Order for a party to file objections. Because the deadline is based on service of a document, rather than the filing of a document, Rule 6(d) is applicable. Rule 6(d) provides that "[w]hen a party may or must act within a specified time after service and services is made under" Rule 5(b)(2)(E), *i.e.* electronic service, "3 days are added after the period would otherwise expire[.]" Thus, according to Con-Way, its motion was timely, because it was entitled to the additional three days provided by Rule 6(d). Con-Way's argument appears to have merit. *See, e.g., Powertech Technology, Inc. v. Tessera, Inc.*, No. 10-cv-945-CW, 2012 WL 1746858, at *2 (N.D. Cal. May 16, 2012) (concluding motion to strike was timely filed and noting that "while

---

[1] Under Northern District Civil Local Rule 7-9, Con-Way should have filed a motion for leave to file a motion for reconsideration, rather than simply filing its motion for reconsideration. The Court shall not deny its motion for failure to comply with this procedural rule.

1   Rule 6(d) was created to allow additional time for the mailing of documents and is anachronistic
2   in the context of e-filing," rule still applied); *compare* N.D. Civ. L.R. 7-2(a), N.D. Civ. L.R. 7-
3   3(a), and N.D. Civ. L.R. 7-3(c) (each noting where Rule 6(d) does not apply and exceptions
4   thereto) *with* N.D. Civ. L.R. 72-2 and N.D. Civ. L.R. 72-3 (making no reference to Rule 6(d)).

      Accordingly, based on the plain language of Federal Rules of Civil Procedure 72(a) and 6(d), and because the Court has not found any Ninth Circuit authority that would suggest there is an exception to Rule 6(d) for Orders served by the Court, rather than papers served by parties, the Court shall reconsider its ruling on timeliness.

      That decision does not alter the Court's ruling on the substance of the motion. The District Court may modify or set aside any portion of a magistrate's ruling on non-dispositive pre-trial motions found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g., Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

In its previous Order, the Court ruled that

> [e]ven if the motion were timely, the Court would still deny it. First, in support of its arguments that compliance with the Order would be unduly burdensome, Con-Way relies on facts that were not – but presumably could have – been presented to Judge Vadas. With respect to Con-Ways [*sic*] arguments regarding privacy, the documents are to be produced pursuant to a protective order. The Court concludes that Judge Vadas' decision is neither clearly erroneous nor contrary to law.

(Docket No. 121, Order Denying Motion for Relief at 2 n.1.)

      Con-Way argued to Judge Vadas that it would be unduly burdensome to produce the documents, because it would take over a thousand person hours to undertake the task. Judge Vadas ordered Con-Way to make the files available for inspection and copying at a centralized location. Con-Way then argued to this Court that it should overturn Judge Vadas' ruling on this point, because the "files are hard copies and are scattered throughout the State of California and the United States," and some are located in third-party storage and will require a substantial per-

2

1  file cost to retrieve them.  (Motion for Relief at 1:20-26.)  If, as Con-Way asserts, Judge Vadas
2  "underestimated the burden placed upon Con-Way," the Court cannot fault Judge Vadas for failing
3  to consider facts that were not presented to him.  However, even when the Court considers those
4  facts, it still concludes that Judge Vadas' ruling was neither clearly erroneous nor contrary to law.
5        Accordingly, although the Court GRANTS Con-Way's request to reconsider the ruling on
6  timeliness, it still DENIES Con-Way's motion for relief Judge Vadas' Order.  The parties shall
7  meet and confer and agree to a specific date for the production of the personnel files, which shall
8  be produced subject to a joint stipulated protective order.
9        **IT IS SO ORDERED.**
10 Dated: December 15, 2015

                                      JEFFREY S. WHITE
                                      United States District Judge